█ In the Matter of the Claim of Ruth Gallinger, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent.— Greenblott, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 4, 1969, disqualifying claimant from benefits on the ground that she voluntarily left her employment without good cause by provoking her discharge (Labor Law, § 593, subd. 1). The record reveals that appellant was scheduled to return to work at 9:00 A.M., August 11, 1969 after a two-week vacation. On that date, at about 9:00 A.M., she called the employer from a resort hotel and stated that she could not return to work that day because her husband's foot was swollen and he could not drive her back to the city. On the same day, the employer sent telegrams to appellant's home and to the vacation resort, both of which she received, informing her that her employment would be terminated if she did not report to work on August 12 at 9:00 A.M. On her return on August 13, she was discharged. The board found that appellant could have returned to work by public transportation on August 12 but desired not to do so; that her husband was not seriously ill on August 11 and August 12; and that he did not receive any medical care and drove her back to the city on August 13. Whether appellant's actions constituted a voluntary leaving of employment without good cause by provoking her discharge is a factual determination for the board, which, on this record, could properly find that appellant, by reflective choice, had provoked her dismissal, and that this constituted a voluntary leaving of the employment without good cause. (*Matter of Palko* [*Delson Candy Co.-Catherwood*], 29 A D 2d 600; *Matter of Imperati* [*Catherwood*], 25 A D 2d 576.) This record discloses no basis upon which we could

interfere with the board's decision. Decision affirmed, without costs. Reynolds, J. P., Aulisi, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.